-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

THOMAS ST. LAURENT,

    Plaintiff,

    -v-

**DECISION and ORDER**
14-CV-0204A

LIEUTENANT ANDREW PEDALTY;
SERGEANT JOEL AYERS;
CORRECTIONS OFFICER ANTHONY SPHALKSI;
SUPERINTENDENT STEPHEN WENDERLICH,
Individually and in their Official Capacities,

    Defendants.

───────────────────────────────

    Plaintiff, who is incarcerated in the Southport Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted.

    Plaintiff alleges that between the months of December 2013 and February 2014, he was exposed to sub-freezing temperatures (between "below zero" and 30 degrees) on A Block, 3 Gallery because several of the windows on the Gallery were broken, including the one in the cell directly across from his, and that despite informing each of the defendants of these conditions no action was taken to correct them. *See Wingate v. Robert N. Davoren Center*, 2013 WL 4856573, at *2-3 (S.D.N.Y., September 10, 2013) (citing cases for proposition that exposure to "excessively hot or conditions" may constitute a constitutional violation). Plaintiff's claim under the Eighth Amendment against the

defendants in their individual capacities may proceed to service at this time. See 28 U.S.C. § § 1915(e)(2)(B) and 1915A.[1]

Plaintiff's claims for monetary damages against the defendants in their official capacity, however, are dismissed with prejudice. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed.2d 114 (1985). See also *Hafer v. Melo*, 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (Just as states and state agencies are not "persons" under § 1983, state officers acting in their official capacities are not "persons" since they assume the identity of the government that employs them.)

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.[2]

The Clerk of the Court is also directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>.

---

[1] See, e.g., *McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982)); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

[2] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED

Dated: 7/17, 2014
Buffalo, New York

_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court